Tauni SIMO; Dalores Rowe; Maria Ramirez; Petra Villegas; Petra DeLeon; Candy Fernandez; Gabriela Uribe; Angelina Perez; Maria Clark; Lourdes Gonzalez; Vilma Garcia; Dolores Olivas; Maria Osorio; Silvie Madrigal; Ana Gonzales; Maria Aguirre; Mariana Godina; Lidia Peraza; Chong Suk Kim; Claristine Hadley; Yong Hui Pak; Teresa Gomez; Noemi Maya; Teresa Wilson Sloan; Miyako Kanai, Plaintiffs—Appellants,

v.

UNION OF NEEDLETRADES, INDUSTRIAL & TEXTILE EMPLOYEES, SOUTHWEST DISTRICT COUNCIL; Union of Needletrades, Industrial & Textile Employees, AFL–CIO; Antonio Orea; Roxana Guevara, Defendants—Appellees.

No. 02–55673.

D.C. No. CV–98–00840–CAS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 2, 2002.

Decided Jan. 16, 2003.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM**

Following a grant of summary judgment to appellees, the district court taxed costs to appellants in the amount of $66,902.88.

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.
** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Appellants moved to re-tax costs. The district court denied the motion to re-tax, which denial is the subject of this appeal; we affirm.

Federal Rule of Civil Procedure 54(d)(1) provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Although the rule creates a "presumption in favor of taxing costs to the losing party," the district court has discretion to re-tax costs, and the court of appeals "review[s] the district court's denial of a motion to re-tax costs for an abuse of discretion." *Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1079 (9th Cir.1999).

We have found an abuse of discretion only where the district court has failed to consider important factors bearing upon the question of whether to re-tax costs. *Id.* In this case, the district court considered, and rejected, appellants' arguments that re-taxing was justified due to: 1) the economic disparity between the union and the allegedly indigent workers;[1] 2) allegations that the union had needlessly increased costs associated with depositions; and 3) the closeness, complexity, and public importance of the issues in this case. The district court did not abuse its discretion in its consideration of these factors.

Although not mentioned in its order, the district court also rejected, in the hearing on the motion to re-tax, appellants' argument that this lawsuit was civil rights litigation. The district court did not abuse its discretion in failing to take into consideration civil rights concerns because it correctly concluded that the underlying claims in this case are not civil rights claims.

1. Although there is unquestionably a disparity between the economic situation of the workers and the union, only six of the twenty-five appellants submitted affidavits of indigency.

In its analysis of the appellants' indigence, the district court considered the fact that the appellants had been assisted by a nonprofit organization, which had provided some funding for their lawsuit. We do not approve of this analysis; the district court's decision on whether to re-tax costs should be based on the parties' own financial resources. Nonetheless, we find no abuse of discretion here. The district court clearly recognized the economic disparity between the parties, even assuming that the appellants were being helped by an organization. The district court therefore adequately considered the appellants' financial situation, and under such circumstances no abuse of discretion is evident.

AFFIRMED.